Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4525 | **DATE** | 6/26/2012 |
| **CASE TITLE** | Jackson v. Owens Corning Asbestos Settlement Trust | | |

**DOCKET ENTRY TEXT:**

Petitioner William Jackson's petition [3] to proceed *in forma pauperis* is denied. Jackson's motion [4] for appointment of counsel is denied. Jackson is granted until July 26, 2012 either to pay the filing fee or to file a new, complete and truthful petition to proceed *in forma pauperis*.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Petitioner William Jackson ("Jackson") seeks leave to file *in forma pauperis* his complaint against the Owens Corning Asbestos Settlement Trust.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court considers whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324.

Here, the Court cannot determine from Jackson's affidavit whether or not he is impoverished within the meaning of the statute. In his affidavit, which Jackson signed under penalty of perjury, Jackson states that he has not worked since 1982 and that he has received Social Security disability benefits of $698 per month since December 2008. Jackson lives with his wife at 1441 Wesley Avenue in Berwyn, Illinois. Jackson failed to answer questions four through nine on the affidavit. Instead, for each question, he wrote in "not applicable." Those are neither adequate nor believable answers. For example, question number seven asks, "Do *you or anyone else living at the same residence* own any real estate (with or without a mortgage)?" Jackson answered "not applicable," but a quick internet search shows that Jackson and his wife purchased the home they currently live in for $265,000.00 on June 21, 2005. One wonders, in addition to wondering why Jackson answered "not applicable" to the question about owning real estate, how Jackson paid for the home. Did he and his wife take out a mortgage? Jackson has not worked since 1982. Did his wife have an income? Does she still? Has she since retired? Does she collect Social Security retirement benefits or a pension? Because Jackson has failed to answer the questions on the *in forma pauperis* affidavit, the Court cannot tell whether he is impoverished within the meaning of the statute. Thus, the Court denies Jackson's petition to proceed *in forma pauperis*.

| STATEMENT |
|---|
| The Court next considers Jackson's motion for appointment of counsel. The Court may, in its discretion, request counsel to represent an indigent litigant if the individual has made reasonable efforts to secure counsel, if plaintiff does not appear competent to litigate a case of this difficulty on his own, and if the presence of counsel seems likely to make a difference in the outcome. *Pruitt v Mote*, 503 F.3d 647 (7th Cir. 2007); *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). In this case, the Court cannot tell whether Jackson is indigent, so the Court must deny the motion for appointment of counsel. Even if Jackson were indigent, the Court still would have denied the motion, because Jackson states that he has not contacted any attorneys in an attempt to secure counsel. The Court cannot appoint counsel to represent a litigant who has not made reasonable efforts to secure counsel. |