# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4525 | **DATE** | 8/7/2012 |
| **CASE TITLE** | Jackson v. Owens Corning Asbestos Settlement Trust | | |

**DOCKET ENTRY TEXT:**

Petitioner William Jackson's renewed petition [8] to proceed *in forma pauperis* is denied. The Court dismisses his complaint without prejudice. In order to proceed with this suit, Jackson must: (1) pay the filing fee of $350 by 9/11/12; and (2) file by 9/11/12 an amended complaint that adequately alleges a basis for this Court's jurisdiction.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner William Jackson ("Jackson") seeks leave to file *in forma pauperis* his complaint against the Owens Corning Asbestos Settlement Trust.

Previously, the Court declined to grant Jackson's *in forma pauperis* petition, because his affidavit contained incomplete and unbelievable answers. The Court found it odd, for example, that Jackson stated in his affidavit, signed under penalty of perjury, that he had not worked since 1982 and that he receives Social Security disability benefits of $698 per month. Yet, Jackson and his wife purchased the home in which they live (at 1441 Wesley Avenue in Berwyn, Illinois) in June 2005 for $265,000.00.

Jackson has now filed a new affidavit and some documents in support of his petition to proceed *in forma pauperis*. Under oath in his new affidavit, Jackson states that he receives $698 per month in disability benefits and that his wife is unemployed. He has attached documents that suggest that his wife has not worked in at least the last thirty years. Jackson states that his wife owns an SUV worth $7,000.00. Apart from that, Jackson states that he and those living in the same residence have no other assets or income. As for that house, Jackson says that the only reason his and his wife's names are on the title is so that they can claim the homestead exemption. He says that his daughter, Nema Jackson, is also listed on the title and pays the mortgage on the house. In other words, Jackson wants to be considered the owner for purposes of claiming the homestead exemption but wants not to be considered the owner when it comes to proceeding in federal court without paying the filing fee. To top it off, Jackson specifically answered "no" to the question of whether he has received any gift income in the last twelve months despite the fact that his daughter pays the mortgage on the house in which he lives. That is a gift, and it should have been reported on his affidavit as should the value of any other gifts (food, the payment of utilities) that Jackson (or anyone in the same residence) receives.

| STATEMENT |
|---|

The information Jackson has provided the Court has not convinced the Court that he is impoverished within the meaning of the statute. If Jackson wants to proceed with this suit, he must pay the filing fee of $350.00.

The next problem is that Jackson's complaint does not sufficiently allege that this Court has jurisdiction over his case. A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "The party invoking jurisdiction bears the burden of establishing [jurisdiction] . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Life*, 504 U.S. 555, 561 (1992). In his complaint, Jackson asserts that this Court has diversity jurisdiction over his case.

This Court has jurisdiction over civil actions where the matter in controversy is greater than $75,000 and is between *citizens* of different states. 28 U.S.C. § 1332. Furthermore, "in federal law citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction."). Here, the plaintiff states his state of residence (Illinois), but he fails to allege that he is a *citizen* of Illinois. In addition, the defendant is a trust. For purposes of the diversity statute, the citizenship of a trust is the same as the citizenship of its trustee(s). *May Dep't Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002). Jackson must include in his complaint the names of the trustees and the states of which the trustees are citizens in order to allege jurisdiction adequately. Because Jackson has failed to allege jurisdiction adequately, the Court must dismiss his complaint without prejudice.