Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4525 | **DATE** | 8/28/2012 |
| **CASE TITLE** | Jackson v. Owens Corning Asbestos Settlement Trust | | |

**DOCKET ENTRY TEXT:**

The Court *sua sponte* dismisses plaintiff's amended complaint for want of jurisdiction.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　The Court previously denied plaintiff William Jackson's ("Jackson") petition to proceed *in forma pauperis* and dismissed his complaint for want of jurisdiction. Jackson has now paid the filing fee and filed an amended complaint. The amended complaint fails to allege a valid basis for jurisdiction, so the Court dismisses the amended complaint for want of jurisdiction.

　　　A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "The party invoking jurisdiction bears the burden of establishing [jurisdiction] . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Life*, 504 U.S. 555, 561 (1992). One point of Jackson's amended complaint seems to be to challenge an arbitrator's decision to grant him $0 in damages against defendant. The Federal Arbitration Act, however, does not confer jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Instead, Jackson needs to allege a separate basis for jurisdiction. *Id.*

　　　In his complaint, Jackson asserts that this Court has federal question jurisdiction. Specifically, Jackson alleges that jurisdiction is conferred under the Social Security Act. Jackson, however, makes no claim under the Social Security Act. He is not, for example, challenging a final decision of the Social Security Administration to deny him benefits. To the contrary, Jackson alleges that the Social Security Administration has granted him disability benefits. The two causes of action that Jackson actually asserts in his amended complaint are negligence and breach of duty. These are not causes of action which arise under federal law, so the Court does not have federal question jurisdiction over this case.

　　　The only possible basis for this Court's jurisdiction is diversity jurisdiction, the elements of which Jackson has not adequately alleged. This Court has jurisdiction over civil actions where the matter in controversy is greater than $75,000 and is between *citizens* of different states. 28 U.S.C. § 1332.

## STATEMENT

Furthermore, "in federal law citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction."). Here, the plaintiff states his state of residence (Illinois), but he fails to allege that he is a *citizen* of Illinois. In addition, the defendant is a trust. For purposes of the diversity statute, the citizenship of a trust is the same as the citizenship of its trustee(s). *May Dep't Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002). Because Jackson has failed to allege jurisdiction adequately, the Court must dismiss his amended complaint for want of jurisdiction.